———o———

ALEXANDER McILHINNEY, Plaintiff in Error, *vs.* JNO. F. FICKE, Defendant in Error.

1. *Limitations—Gibson v. Chouteau—Right of entry—Issue of patent.*—Under the decision of Gibson vs. Chouteau, (13 Wal., 92,) the statute of this State (Wagn. Stat., p. 916) limiting actions for the recovery of lands to twenty-four years after the right of entry has accrued, will not bar an action before the issue of patent, although it be issued to the same person who entered the land.

PER HOUGH, JUDGE.

2. *Patent—Adverse possession should be pleaded as an equitable bar, when.*—Where suit is brought upon a patent of the United States, issued more than twenty-four years after the right of entry has accrued, adverse possession during that period is not a legal but an equitable bar, and, to be of any avail, must be pleaded as such.

*Error to Franklin County Circuit Court.*

*P. E. Bland.* for Plaintiff in Error, cited Gibson v. Chouteau, 13 Wal., 92, and Langdon vs. Haws, 21 Wal., 521.

NAPTON, Judge, delivered the opinion of the court.

This action was brought in 1873. The title is the same as that mentioned in the case of Ann E. Miller and others vs. Bledsoe, but the question presented on the statute of limitations is materially different.

The re-location authorized by the act of the 4th of July, 1836, was made in September, 1847. At this time Mrs. Tippett, one of the heirs of Richard Caulk, was a *feme covert.* She was married in 1836 and her husband died in 1870, and

the plaintiff bought her interest in 1871, and then brought this action.    Mrs. Tippett's interest in the estate of her father, R. Caulk, was one-sixth.

The entry of the land in controversy was made then in 1847, but the patent did not issue till 1856.    The defendant's possession commenced in 1848, under a deed from Alton Long, whose wife was another heir of Caulk, and who seems to have been authorized or supposed himself authorized to convey all the re-location made under certificate No. 35.

The court instructed the jury that " although the legal title to the land in controversy, was not completed or perfected in the legal representatives of Richard Caulk until the issuance of the patent, June 3, 1856, yet the equitable title to and the right of entry upon said lands was in said representatives upon the location and entry under certificate of re-location No. 35, dated the 9th of September, 1847; and if they find that the plaintiff, or those under whom he claims, failed to enter on said lands or to commence an action for their recovery within 24 years next after said right of action accrued to them, the plaintiff is not entitled to bring this action, and the jury will find for the defendant."

And the propriety of the instruction presents the only point in this case.    There was, of course, a verdict for defendant, as more than 24 years had elapsed since the entry, but not since the patent, which issued about 10 years after the entry.

Our statute declares that no action for the recovery of lands etc., shall be commenced, had or maintained by any person, laboring under the disabilities of coverture, infancy, insanity, etc., after 24 years after the cause of such action or right of entry shall have accrued.    (Wagn. Stat., 916.)

The statute in regard to suits for real property is now what it has been since the organization of this State.    It provides (Wagn. Stat., 558), that action in ejectment may be maintained, first, on an entry or bounty land warrant located with the register or receiver of any land office of the United States, or with the Commissioner of the General Land Office, or second, an entry with the register and receiver of any land office in

this State ; or third, a pre-emption right under the laws of the United States, or of this State ; or fourth, a New Madrid location ; or fifth, a confirmation under the laws of the United States ; or sixth, a land scrip location made in virtue of the laws of this State ; or seventh, a French or Spanish grant, etc.

This statute has recently been held by the Supreme Court of the United States to be such an interference with the primary disposal of the soil of the United States, as will authorize a review of any construction of it by the courts of this State. When the statute of this State authorized a possessory action to be maintained on an entry at the land office of the United States, which the purchaser could not maintain without paying his purchase money to the Government, the statute was supposed to facilitate the purposes of the general government, by giving the purchaser an advantage which those who bought from private proprietors did not have. So far from being an interference with the disposal of the soil by the Government, who had the power of disposition, it was designed to recognize, and had the effect of recognizing, the initiatory step of the Government in granting titles and placing such action on a footing with a deed executed by a private owner of land, so far as a mere possessory action was concerned.

Where the Government ultimately grants the patent to another person than the one allowed to enter, as the fee simple undoubtedly remained in the United States, such grant would and ought undoubtedly to prevail over the preliminary acquisition of title, subject to the power of a court of equity, either State or federal, to transfer the legal title to the equitable owner. Where, however, the patent emanates to the same person who has the entry, it is not easy to see how our acts of ejectment and limitation interfere in any way with the primary disposition of the soil.

The Supreme Court of the United States in Gibson vs. Chouteau (13 Wall., 92), have held, that although the patent has issued to the same person who entered the land, and al-

though our statute allows the holder of the entry to get possession by ejectment, so soon as his entry is made, and although our statute of limitations begins to run from the date of the right of entry, yet as the legal title remained in the United States after the entry and up to the date of the patent, our statute of limitations had no effect as a bar, because it interfered with the primary disposal of the soil.

We are not of this opinion, but as a different decision would only subject the party to the expense of a writ of error to the Supreme Court of the United States, we shall, in conformity to the decision in Gibson vs. Chouteau, reverse the judgment of the circuit court, and remand the case. The other judges concur.

### PER HOUGH, J.

I concur in reversing the judgment in this case, because, conceding that Mrs. Tippett, who was a *feme covert* until 1870, could be barred by twenty-four years adverse possession, the statute of limitations was not so pleaded as to constitute any defense. It was pleaded as a bar at law, when the right acquired by its operation was an equity, which entitled the owner thereof by adverse occupancy to be invested with the legal title; and it should have been so pleaded.