GORDON *et al.*, *Appellants*, v. LEWIS.

1. **Mortgage** : ADVERSE POSSESSION BY MORTGAGEE : LIMITATIONS. A mortgagee in possession, who for the period of limitation refuses to recognize the existence of the mortgage or any equitable claim in the mortgageor, may stand upon such adverse claim and invoke the statute against the right of redemption.

2. **Statute of Limitations** : TACKING DISABILITIES. There can be no tacking of disabilities to escape the bar of the statute of limitations.

3. ———— : ————. Where a cause of action accrues to a woman under the disability of coverture, the statute of limitations will begin to run immediately upon her death against her children, notwithstanding their minority.

*Appeal from Adair Circuit Court.* — HON. ANDREW ELLISON, Judge.

AFFIRMED.

*P. F. Greenwood* for appellant.

(1)   Mrs. Gordon, being a married woman, had she lived her suit could have been brought at any time within twenty-four years from July 27, 1863 ; the time given her not having elapsed at the time of her death, her heirs had until the expiration of said twenty-four years to bring suit. *Dyer v. Brannock*, 66 Mo. 391 ; *Dyer v. Wittler*, 14 Mo. App. 52 ; R. S., 1879, secs. 3222–4. (2) Upon the death of Mrs. Gordon the life estate of James E. Gordon was consummate, and when this occurred the statute of limitations had not run against these appellants.   (3) There is no statute of limitations against the foreclosure of a mortgage, and hence none against a suit to redeem. *McNair v. Lot*, 34 Mo. 285.

*John C. O'Ferrall* for respondent.

(1) Limitation began to run against Mrs. Gordon in her lifetime, and so beginning it did not cease at her death. *Rogers v. Brown*, 61 Mo. 187. (2) The coverture on part of the mortgageor (Mrs. Gordon standing in the shoes of the mortgageor in this case), will not prevent limitation from running on the right to redeem. Jones on Mortgages [3 Ed.] sec. 1150; *Hartford v. Fitch*, 41 Conn. 486. (3) Equity will apply to actions to redeem, the same period which the law allows for actions in ejectment; as limitations on the equity of redemption are analogous to the statutory limitation for the bringing of an action to recover real estate. *Johnson v. Johnson*, 81 Mo. 331-335; *McNair v. Lot*, 25 Mo. 182-190; *Same v. Same*, 34 Mo. 285; *Cape Girardeau Co. v. Harbison*, 58 Mo. 90-96; Jones on Mortgages, secs. 1144 and 1192. (4) The right to redeem this mortgage accrued, at least, when defendant began his adverse claim in 1863, which was during the life of Mrs. Gordon. Successive disabilities will not be permitted, and the heirs cannot tack to their mother's coverture. The limitation beginning to run in the lifetime of Mrs. Gordon continues against these plaintiffs, notwithstanding their disability at time of descent cast. Jones on Mortgages [3 Ed.] sec. 1151; *Rogers v. Brown*, 61 Mo. 187. Cumulative disabilities are not allowed. Angell on Limitations, secs. 196, 197, 477, 482; *Billon et al. v. Larimore et al.*, 37 Mo. 375; *Dessaunier v. Murphy*, 33 Mo. 184; *Mitchell v. Berry*, 1 Met. [Ky.] 602. The disability of children cannot be added to that of the mother. *Mitchell v. Berry*, 1 Met. [Ky.] 602, 616. (5) The right to redeem and the right to foreclose are reciprocal rights. When one is barred the other is likewise. Jones on Mortgages [3 Ed.] sec. 1146. (6) After the lapse of limitation the *onus* is on the mortgagor to show that the effect of mortgagee's possession

was not adverse.    Jones on Mortgages [3 Ed.] sec. 1157 ; *Dessaunier v. Murphy*, 33 Mo. 184.

NORTON, J.—This suit was commenced in the Adair county circuit court on the twenty-eighth day of July, 1881, by plaintiffs as the heirs of Emalia Gordon to redeem a mortgage executed by James Sevy on the fourth of January, 1858, conveying to Adair county the south half of the southeast quarter of section thirteen, township sixty-two, range fifteen, to secure the payment of a certain bond within mentioned for the sum of two hundred dollars.    On the trial judgment was rendered for the defendant, from which plaintiffs have appealed.

It appears from the record that Sevy entered the above described land in 1854, and mortgaged the same to Adair county in 1858 ; that in 1860, Emalia Gordon, the mother of plaintiffs, by various mesne conveyances made subsequently to the said mortgage, became the owner of said land subject to said mortgage executed by Sevy to the county ; that in 1860 said Emalia and her husband, James E. Gordon, took possession of said land, and the said James E. made a payment of interest on the bond to the county.    It further appears, that in 1863 the land was sold by the sheriff, by order of the county court of Adair county, for the payment of the bond secured to be paid by the mortgage ; at which sale the county purchased, and subsequently, in July, 1863, conveyed the land by a commissioner's deed to one Epperly and defendant Lewis for $272.28, which was applied to the payment of the mortgage debt.    It also appears that said Epperly conveyed his interest to defendant Lewis.    It also appears that after this sale, the said Emalia Gordon and her husband abandoned the premises in 1863, and moved off the same, and that defendant Lewis immediately entered and took the actual possession of the land, claiming it adversely to all the world, and has lived on it under such claim ever since.    It also appears that said

Emalia Gordon died in 1864, and that her husband, James E., who survived, conveyed, a short time before this suit was brought, whatever interest he had in said land to plaintiffs.

The question raised by the above state of facts is whether the right of redemption is barred by the statute of limitations. The trial court held that it was and we think properly. The fact that the suit is a proceeding in equity can make no difference as to the operation of the statute of limitations; it having been held in the case of *Kelly v. Hurt*, 61 Mo., at page 466, that: "The statute of limitations applies to all civil actions—to those which were formerly denominated suits in equity as well as to actions at law." The case of *Rogers v. Brown*, 61 Mo. 187, is to the same effect. In the case of *Cape Girardeau County v. Harbison*, 58 Mo. 90-96, it is said: "That a mortgagee in possession, who, for the period of limitation, refuses to recognize the existence of the mortgage, or any equitable claim in the mortgageor, may stand upon such adverse possession, and under color of the statute resist an effort by the mortgageor to enforce his equity of redemption." In the cases of *Dessaunier v. Murphy*, 33 Mo. 184 and *Billon et al. v. Larimore*, 37 Mo. 375, it is held that when a disability exists at the time the cause of action accrued, when that disability is removed, another disability cannot be tacked on to it. In the first case cited the wife was under disability of coverture when the cause of action accrued. She died leaving her husband living, and it was held, "that immediately upon her death the statute began to run against her representatives without regard to any disabilities under which they might be, for this would in effect be a cumulation of disabilities."

Applying the principles enunciated in the cases cited and it is clear that the plaintiffs are barred in this action. The adverse possession of defendant began in 1863, and has been continued ever since. The cause of action ac-

crued to Emalia Gordon, the mother of plaintiffs, in 1863. She died in 1864, and upon her death the statute immediately began to run against plaintiffs, notwithstanding their minority, and this suit was not begun till 1881, seventeen years after the statute began to run. The judgment is for the right party and we affirm it. All concur.