DAVIS et al. v. WATSON, Appellant.

### Division One, November 12, 1900.

1. **Appeals:** JURISDICTION: RIGHT OF WAY: JUDGMENT FOR DAMAGES. Where a judgment for money alone is prayed for and obtained, the amount in dispute being less than $2,500, the appeal is to the court of appeals. Although the suit might have been tried on the theory that it was an action for the specific performance of a contract, between the vendor and vendee, of a right of way for a railroad through land, yet if the case actually tried and determined by the court was simply one for damages against one of the parties to a contract, the Supreme Court has no jurisdiction on the theory that, under the facts of the case, the title to real estate might have been involved, and a more extensive remedy applied for.

2. ———: ———: REAL ESTATE: JUDGMENT. It is not enough to give the Supreme Court jurisdiction of the appeal that title to real estate may be drawn in question, or inquired into during the progress of the case, but the judgment sought or rendered must directly affect or operate upon the title itself.

Appeal from Macon Circut Court.—*Hon. Andrew Ellison,* Judge.

Transferred to Kansas City Court of Appeals.

*Dysart & Mitchell* and *Ben Eli Guthrie* for appellant.

*W. H. Sears* and *D. R. Hughes* for respondents.

ROBINSON, J.—Plaintiffs for their cause of action filed the following petition:

"1.     Plaintiffs, by their attorneys, state that they are husband and wife, and for their cause of action against defendant allege that on the 14th day of November, 1890, a certain agreement was made and entered into by and between

the plaintiffs and the defendant in words and figures follow-
ing, to-wit:

" 'Bevier, Mo., Nov. 14, 1890.

" 'This agreement certifies that Wesley H. Loomis and
Wm. S. Watson have this day purchased from James W.
Davis and Margaret Davis, his wife, for one thousand dol-
lars, the exclusive right of way for any railroad or switch or
railroad purposes over his farm of eighty acres. If we build
a switch, we will occupy only seventy feet in width up the
ravine, namely, the south half of the southwest quarter of
section fifteen, township fifty-seven, range fifteen, together
with the privilege of purchasing his farm named above for
four thousand dollars at any time prior to March 1, 1891,
that is, $3,000, in addition to the $1,000 for the exclusive
right of way. In consideration of the above agreement all
parties have signed their names hereto and the receipt of
ten dollars earnest money is hereby acknowledged by James
W. Davis.

" 'James W. Davis,
" 'Wesley H. Loomis,
" 'W. S. Watson,
" 'Margaret Davis.

" 'Witness:   Jno. H. Gay, Notary Public.   (Seal).'

"2.   Plaintiffs allege that they have duly performed all
the conditions of said contract on their part to be performed;
that they have at all times been ready and willing to make a
conveyance of the exclusive right of way over their land
mentioned in the above contract and that they now tender
into court a deed for said right of way to be delivered to the
defendant upon payment by him of the consideration named
therein.

"3.   The plaintiffs further state that the defendant has
caused to be built and is now using a railroad switch over the
land and along the line described in the contract; and that he

Vol. 158 mo—13

has wholly failed, refused and neglected, and still fails, refuses and neglects to pay the plaintiffs the balance due on said contract, to-wit, the sum of nine hundred and ninety dollars.

"Wherefore, plaintiffs say that by reason of the premises they are damaged in the sum of nine hundred and ninety dollars for which they pray judgment, together with interest from November 14, 1900, and costs of this suit."

In defendant's answer thereto, twelve assignments are pleaded, as reasons why plaintiffs' action should not be maintained, among which is one to the effect that plaintiffs at the time of the execution of the contract set out in the petition, did not own or have title to the premises contracted to be sold and conveyed to the defendant and the said Wesley H. Loomis named in said contract, and have not since acquired title thereto, which want and failure of title is pleaded as a bar to plaintiffs' action.

Plaintiffs' reply was a general denial, and upon the issues thus made up, the trial court found for the plaintiffs and entered the following judgment: "It is therefore ordered, adjudged and decreed by the court that the plaintiff have and recover of the defendant the sum of $1,398.80, together with costs made in this cause, and that execution issue therefor."

From that judgment defendant has prosecuted his appeal to this court, and invokes its jurisdiction upon the ground that the plaintiffs' suit is one for specific performance of the contract sued upon, and that title to real estate is thereby necessarily involved, in its determination.   While recognizing the proposition that the character of a suit is not always to be determined by the prayer of the petition, but that the court may look into the entire contents of the pleadings to ascertain what relief is really sought, or what remedy is asked to be applied, it is equally as true, that when a remedy has been asked consistent with the facts pleaded and the court has applied it, and given judgment in accordance therewith, it will

not be permitted of a defendant in that proceeding against whom a judgment has been rendered to urge that under the facts pleaded a different remedy might have been applied, or a more extended relief granted, and because of that fact shift the jurisdiction of the cause, on appeal, to a court not having cognizance of the cause, as it was tried and determined. The question for consideration here, is not what relief plaintiffs under the facts disclosed by their petition might have sought, but what remedy did they ask to have applied; what judgment did they ask, that was authorized by their petition; and what character of a case was tried and determined by the trial court. Was the action filed and prosecuted by plaintiffs a bill for the specific performance of a contract for the purchase and sale of the right of way strip, described therein, as contended for by appellant, or was it simply an action by the plaintiff for damages against one of the parties to that contract, W. S. Watson, for the alleged breach thereof.

That a bill for specific performance may be entertained, on behalf of a vendor or vendors of real estate, when his or their contract stands in need of specific relief disclosed in the bill, which a court of equity alone could furnish, is not questioned, but when, as in the case at bar, no such condition is disclosed, but on the contrary a judgment for the payment of money alone is prayed for and obtained, why the suit should be characterized as one for specific performance, we can not understand, or how the title to real estate, is anywise involved, we can not conceive. Plaintiffs asked judgment only for the damages which they allege had been sustained by them, on account of defendant's failure to pay the contract price for the right of way strip, described in the contract between themselves and the defendant and one Loomis. A money judgment for damages was all plaintiffs sought, and it was all they got.

That damage the trial court ascertained to be $1,398.80, and gave judgment for that amount, together with the costs made in the cause, and ordered that execution issue therefor, which judgment so rendered in no manner involved the title to the right of way strip described in the contract, and included in the deed made by plaintiffs to defendant. The judgment rendered in this case in no manner affected the land described in the contract, different from a judgment for a like amount in favor of plaintiffs against defendant upon a note for money loaned by plaintiffs to defendant. This court in construing the provisions of section 12 of article 6 of the Constitution, has frequently held that its jurisdiction of a case on appeal is not determined by the fact that the title to real estate has been drawn in question by the answer filed therein, or that a determination of the fact of title to real estate was necessary to the proper consideration of the issues involved in the controversy. It is not enough that title to real estate may be drawn in question, or inquired into during the progress of a case, but the judgment sought or rendered must directly affect or operate upon the title itself. As the judgment sought and rendered in this case was for less than $2,500 and as the judgment does not involve or affect the title to real estate, this court is wanting in authority to hear the appeal upon its merits and the same is ordered transferred to the Kansas City Court of Appeals.

All concur.