Turney v. Sparks.

TURNEY et al., Appellants, v. SPARKS et al.

Division One, November 12, 1900.

Appeal: TITLE TO REAL ESTATE: APPELLATE JURISDICTION. In order to give the Supreme Court jurisdiction of a cause on the ground that title to real estate is involved, the judgment to be rendered must directly affect the title. The fact that a collateral inquiry into the title is necessarily involved in the trial is not sufficient to confer jurisdiction.

Appeal from Shelby Circuit Court.—*Hon Andrew Ellison,* Judge.

TRANSFERRED TO ST. LOUIS COURT OF APPEALS.

*W. O. L. Jewett & Son* for appellants.

*G. W. Humphrey* for respondents.

VALLIANT, J.—This is a suit to recover of one of the defendants $500 alleged to be held by him in trust to be paid over to one of the plaintiffs when the court shall determine that the title she conveyed by deed to another one of the defendants is valid.

There was a judgment for the defendants and the plaintiffs appealed. The appeal was brought to this court upon the idea that title to real estate was involved.

In several recent cases it has been held that in order to

give this court jurisdiction of a cause on the ground that title to real estate is involved, the judgment to be rendered must directly affect the title, and it is not sufficient that a collateral inquiry into the title is necessarily involved in the trial. [Price v. Blankenship, 144 Mo. 203; Rothrock v. Lumber Co., 146 Mo. 57; Edwards v. Railroad, 148 Mo. 513; Gay v. Savings Ass'n, 149 Mo. 606; Bonner v. Lisenby, 157 Mo. 165.] The test of jurisdiction as laid down in those decisions may be illustrated thus: A claims to be the owner of two separate pieces of land by the same title; B is in adverse possession of one piece and has cut down and removed trees from the other; A brings two suits against B, one for possession of the one piece, the other for $500 damages for an alleged trespass upon the other piece; B's defense in each case is what he alleges to be the invalidity of A's title; the trials involve the same inquiry into the title in each case, and there is a judgment in each for the plaintiff. An appeal in the ejectment suit would be properly taken to this court while that in the trespass case would go to the court of appeals. The difference between the two is that in the ejectment suit the judgment itself affects the title to the land and can be satisfied only by a surrender of its possession, whereas in the other, it is only a judgment for $500, and can be satisfied by the payment of that amount.

Thus, in the case at bar, if the facts stated in the plaintiff's petition entitle them to a judgment, the trial of the issues as to those facts may involve an inquiry and conclusion as to the character of the title created by the will under which plaintiffs claim, but their judgment would simply be that they recover of the defendant $500 and costs.

The only point we decide is that on the record before us there is no case within the jurisdiction of this court. The cause is transferred to the St. Louis Court of Appeals.

All concur.