# HALL v. SMALL, Appellant.

### Division One, December 23, 1903.

1. **Express Trust.** The statute (sec. 3416, R. S. 1899) providing that an express trust shall be void unless evidenced by a written instrument, was designed for the purpose of preventing the construing, by parol evidence, of a deed absolute on its face to be a mere agreement to support the grantor.

2. ————: DEED: CONSIDERATION: EXTRINSIC EVIDENCE. The consideration for the deed was "that the grantee care for and support the grantor for and during her natural life," and contained the recital that "the grantor herein expressly reserves to herself a life estate in said premises for and during her natural life." *Held*, that the grantee could not show by oral evidence that the reservation of the life estate was understood to mean only a security for support of the grantor for life, but was a clear reservation to her of a life estate, with an absolute grant of the remainder to the grantee, the consideration for the remainder being that he would support her during her life.

3. **Evidence: WRITTEN INSTRUMENTS: VARIED BY ORAL EVIDENCE.** Parol evidence of a prior or contemporaneous oral agreement different from the agreement is inadmissible to vary the written instrument.

4. **Implied Resulting Trust: DEED FOR SUPPORT.** The fact that there was an oral agreement by the grantor, contemporaneous with the making of the deed in which the grantor reserved therein a life estate, to the effect that the grantee would support the grantor for life, affords no foundation for implying that the deed conveyed the land in trust to the grantee upon the condition that he would support her.

5. **Ejectment: TAKING CASE FROM JURY: AFFIRMED NOTWITHSTANDING.** In a suit in ejectment by the grantor, who by deed has conveyed the land to defendant, on condition that he would support her for life, reserving therein, however, a life estate, the case does not become one in equity by an answer charging that, by a prior and contemporaneous oral agreement, the clause reserving the life estate was understood by both the grantor and grantee to be a security for the grantor's support for life; and, therefore, the court should not hold that the case is one in equity, and take it from the jury. But if the court does that, the judgment for plaintiff will nevertheless be affirmed, since the answer asserts no defense, and the plaintiff was entitled to a peremptory instruction for judgment.

Appeal from Clinton Circuit Court.—*Hon. A. D. Burnes,* Judge.

AFFIRMED.

*E. C. Hall* for appellant.

(1) Parol evidence may be introduced to show that a deed, absolute on its face, is a mortgage, on the ground that a denial of the trust character of the deed by grantee is a fraud on his part which equity will take jurisdiction of. Cobb v. Day, 106 Mo. 95; O'Neal v. Capelle, 62 Mo. 202. (2) Implied and resulting trusts are not within the statute of frauds. Tiedeman, Real Prop., sec. 507; Cornelius v. Smith, 55 Mo. 528. (3) The reservation in the deed for the purpose of securing the performance of a duty creates an implied trust which equity will enforce. Worley v. Dryden, 57 Mo. 232; Brant v. Robertson, 16 Mo. 129. (4) A deed absolute on its face may be shown to be a mortgage. Cobb v. Day, 106 Mo. 296; Worley v. Dryden, 57 Mo. 226. (5) The fact that the agreement as to the reservation of the life estate as a security not being in writing does not prevent a trust resulting by operation of law from the acts of the parties. Condit v. Maxwell, 142 Mo. 275; Hillman v. Allen, 145 Mo. 638. (6) The reservation in the deed was not an exception of that part of the title, but simply a reservation. Martindale, Law of Conveyances, p. 95; Teideman, Real Prop., sec. 843; Jones v. DeLassus, 84 Mo. 541.

*W. S. Herndon* for respondent.

(1) The answer of the defendant set up a title derived from the plaintiff and admits his possession under a parol contract with her. This made it unnecessary to prove title in plaintiff and made her the common source of title. Worley v. Hicks, 161 Mo. 348. (2) Defendant claims under a deed, executed by plain-

tiff, which gave him no present right of possession. His answer admits possession under plaintiff, and he showed no right to possession, except a verbal contract. He was consequently a tenant from year to year and the notice to quit terminated his tenancy. Allen v. Mansfield, 82 Mo. 688; Hosli v. Yorkel, 58 Mo. App. 169; Scully v. Murray, 34 Mo. 420; Ridgley v. Stillwell, 28 Mo. 400; Kerr v. Clark, 19 Mo. 132. (3) The answer in this case is an attempt to enlarge a conveyance of an estate, in remainder, subject to a life estate reserved to the grantor, into a present conveyance of a fee simple. This can not be done. Simonds v. Beauchamp, 1 Mo. 589; Jones v. Shepley, 90 Mo. 313; Harding v. Wright, 119 Mo. 9; Hickman v. Hickman, 55 Mo. App. 303; Rogers v. Ramey, 137 Mo. 598. The above decisions were cases in which deeds were sought to be varied by parol, but the general rule as to written contracts, applies to this case. Koehring v. Muemminghoff, 61 Mo. 403; Hotel Co. v. Bailey, 3 Mo. App. 598; Tracy v. Union Iron Works, 104 Mo. 193; Bignall v. Pierce, 59 Mo. App. 673; Bank v. Cushman, 66 Mo. App. 102; Water Co. v. City of Aurora, 129 Mo. 540. (4) The consideration clause in the deed in this case is of itself a complete contract and not a mere recital. Consequently, it does not come within the rule, or the line of cases which hold, that the consideration clause in a deed may be inquired into by parol. Jackson v. Railroad, 54 Mo. App. 644; Davis v. Gann, 63 Mo. App. 425; Halferty v. Scearce, 135 Mo. 428.

MARSHALL, J.—This is an action in ejectment for twenty-six acres of land in Clinton county. The petition is in the usual form. The answer is, first, a general denial, and, second, a special plea, to the effect that on November 13, 1899, the plaintiff deeded the land to the defendant, for a consideration stated in the deed to be, "that the grantee care for and support the grantor during her natural life, and one dollar;"

that there was a prior and contemporaneous agreement between the parties that the defendant was to have the land, and in consideration thereof was to support the plaintiff during her natural life and that to secure the faithful performance of his agreement so to do, it was agreed that the deed should contain the following clause: "The grantor herein expressly reserves to herself a life estate in said premises for and during her natural life," and that such clause was put into said deed by the direction of both the plaintiff and defendant for the sole purpose of securing defendant's compliance with said agreement to support the plaintiff; that defendant entered into possession under said deed, made valuable improvements on the land, and has ever since supported the plaintiff, and that she still resides with him and is enjoying "the fruits of the contract," and defendant offers to continue to perform the contract, and therefore asks that the trust be declared, and that judgment be entered in his favor.

The reply is a general denial, with a special plea that if any such contract or agreement as is pleaded was made it is void under sections 3416 and 3418, Revised Statutes 1899.

The case came on for trial before a jury in the circuit court. The plaintiff proved the rental value of the land, and offered a notice served on defendant on December 22, 1900, to quit on March 1, 1901, and then rested.

The defendant then introduced evidence showing that he is the nephew, by marriage, of the plaintiff; that he is in possession of the land under the deed and that the plaintiff has resided with him ever since the deed was made and still resides with him, and that he has supported her, and if allowed to keep the land is willing to continue to support her during her natural life. The defendant also offered evidence tending to support the agreement pleaded in the answer, and upon objection by the plaintiff, the court excluded it. The

court then declared the case to be one in equity, discharged the jury, refused defendant's instructions, which declared the agreement pleaded to be valid, and entered judgment for the plaintiff, and the defendant appealed.

## I.

The property belonged to the plaintiff. She conveyed it to the defendant, the consideration being that he should support her for life. By the terms of the deed she reserved to herself a life estate. Upon the face of the deed, therefore, the plaintiff reserved a life estate in the land, and the defendant became vested with a remainder in fee, the consideration for which was that he should support her for life.

Now the defendant attempts to enlarge his remainder into a fee simple absolute, and to destroy the plaintiff's life estate, by showing that there was a prior and contemporaneous oral agreement between them that he should have a present absolute estate in the land, and that she was to have no estate in the land, and that the clause in the deed reserving a life estate to the plaintiff did not mean what it said, but that it was intended solely as a security that the plaintiff would perform his part of the agreement.

The statute of frauds, section 3416, Revised Statutes 1899, was intended to prevent exactly what the defendant seeks to do in this case. It provides that express trusts shall be void unless evidenced by a written instrument.

It will be observed that the defendant does not allege or prove that there was any mistake in the drawing of the deed, nor does he ask to have the deed reformed. On the contrary, he distinctly avers that the clause reserving the life estate to the plaintiff was inserted in the deed, by the direction of both the plaintiff and the defendant. He seeks, however, to vary a writ-

ten instrument by parol evidence showing a prior and contemporaneous oral agreement which is altogether different from the written instrument. The law has always been that parol evidence is inadmissible for such a purpose. [Jones v. Shepley, 90 Mo. l. c. 313; Harding v. Wright, 119 Mo. l. c. 8; Rogers v. Ramey, 137 Mo. l. c. 607, 608.] The fact that parol evidence is admissible under a bill to redeem to show that a deed absolute on its face was intended as a mortgage, is not at all applicable to cases like this. [Rogers v. Ramey, 137 Mo. l. c. 609.]

Of course, courts of equity will correct a deed where mutual mistake or fraud is shown, but even in such cases the evidence must be clear, cogent and convincing. [Parker v. Vanhoozer, 142 Mo. 621.]

The plaintiff, however, contends that the case is one of implied or resulting trust, which is not within the statute of frauds. This contention is evidently a misapprehension. The answer sets up an express agreement. It states no facts from which the law would imply a trust, and there is nothing of a resulting trust in the case. The fact that there was an oral agreement made by the defendant to support the plaintiff for life, might afford a basis for the law to imply a promise of the plaintiff to pay a reasonable sum therefor, but it would afford no foundation for a court to imply that a deed from the plaintiff to the defendant, with a reservation of a life estate in the plaintiff, was a deed to the defendant of the land in trust for the defendant upon condition that he support the plaintiff for life. Implied trusts have taken a wide range, but never so broad as this. [15 Am. and Eng. Ency. Law (2 Ed.), p. 1123.]

The answer stated no defense whatever, and the court properly excluded the evidence offered in support of the answer. The court erred, however, in holding that the case was one in equity, and in discharging the jury. The petition stated a cause of action in ejectment. The answer attempted to set up an equitable

defense, but it was not a cross-bill in equity asking affirmative relief. The case remained, therefore, an action at law. But that ruling of the court does not constitute reversible error, under the statute. [Sec. 865, R. S. 1899.] For no defense being pleaded or proved the plaintiff was entitled upon the pleadings to a peremptory instruction to the jury to find for her, and the judgment is, therefore, for the right party, and therefore it is affirmed.

All concur.