Hill v. Hopson.

---

F. W. HILL, Appellant, v. AB HOPSON, Road Overseer, and CHRIS. T. TULLOCK et al., Judges of County Court.

Division One, May 31, 1909.

1. APPELLATE JURISDICTION: Trespass. In cases of pure trespass upon land, title to real estate is not so involved as to confer jurisdiction upon the Supreme Court over an appeal from a judgment of a circuit court refusing to enjoin the trespass, although the title may be incidentally involved and must be shown in the course of the trial.

2. ———: ———: To Enjoin the Opening of a Road. Where plaintiff in his bill for an injunction alleges that he is the owner of a certain nine-acre lot and seeks to enjoin the road overseer and the judges of the county court from opening up a public road or street twenty feet wide into the lot, on the ground that there had been no petition for the road, no plat filed, etc., and defendants answer that plaintiff was formerly the owner of the lot and dedicated the strip to public use by filing a plat of said lot, showing its division into blocks, lots, streets and alleys, and by selling lots in reference to said plat, and alleging the title to be in the county as trustee, title is incidentally involved, but the real purpose of the suit is to restrain a threatened trespass, and hence the Supreme Court does not have jurisdiction over the appeal from the judgment dissolving the injunction.

3. ———: ———: County as Party. Where the suit is against the road overseer and the judges of the county court, to enjoin them from committing a threatened trespass upon private property by opening up a road thereon without complying with the statutes, the county is not a party, nor are the road overseer and county judges State officers, and the Supreme Court does not have jurisdiction over the appeal.

Appeal from St. Francois Circuit Court.—*Hon. Chas. A. Killian,* Judge.

TRANSFERRED TO ST. LOUIS COURT OF APPEALS.

*Edward A. Rozier* for appellant.

GRAVES, J.—The abstract of record reveals the fact that no bill of exceptions was filed in this case, but shows an appeal in due form from a judgment dissolving a temporary injunction. The cause is briefed by the plaintiff, the appellant here, but no brief by defendants, respondents here. The case, if properly here at all, is therefore here upon the pleadings and judgment, and not otherwise. The petition, which was verified by affidavit, thus reads:

"Plaintiff for a cause of action states that he is the owner in fee simple of a tract of land containing about nine acres in U. S. Survey No. 3099 and situate in what is known as East Bonne Terre in Perry township, St. Francois county, Missouri, being the property described in the deed from Anthony La Grave dated — day of —— and recorded in Book — the southwestern portion of said lot being bounded on the south by the public road known as the Big River & French Village Public Road; on the west by the public road known as the Valle Mines & Hazel Run Public Road; on the east by the lot of one John Valle.

"Plaintiff further states that Ab Hopson is the duly elected, qualified and acting road overseer of Road District No. 14 of St. Francois county, Missouri, and that Chris. T. Tullock is the duly elected, qualified and acting presiding judge of the county court of St. Francois county, Missouri, and that Allen Hill and O. J. Mayberry are the duly elected, qualified and acting associate justices of said county court.

"Plaintiff further states that he resides in the southwestern portion of said nine-acre lot and occupies the same with a residence and out buildings and has a garden thereon, together with an orchard of growing fruit, and that the same is inclosed by a good and substantial fence and that on the south side of said lot said fence reaches up to the west side of the lot of the said John Valle, and that the said lot, together with the garden thereon and fruit trees, are now fully protected by said fence from depredation and injury.

"Plaintiff further states that defendant Charles T. Tullock, Allen Hill and O. J. Mayberry, acting as the county court of St. Francois county, Missouri, at the August term, 1905, of said court made an order of record directed to codefendant Ab Hopson as road overseer, directing, ordering and requiring the said Hopson to open upon the lot of ground so owned by plaintiff, a street or alley immediately adjoining the lot of said John Valle, which said street or alley was so directed to be opened with a width of twenty feet and a length of about two hundred and forty-three feet.

"Plaintiff further states that the said street or alley so ordered to be opened is of no public utility and the opening thereof can only be intended for the private benefit of said John Valle and cannot be used by the general public because said alley does not connect with any other street or road and is not of sufficient width to permit the turning of teams therein. Plaintiff further states that said proposed street or alley is not thirty feet wide.

"Plaintiff further states that said proposed street or alley is not a public road or highway nor has there ever been presented to the county court of St. Francois county any petition asking the location and opening of a street, alley, highway or public road at said point, nor has the county court of St. Francois county

ever caused a plat to be filed thereof, nor has the said proposed street or alley ever been used by the public as a street or alley, nor has there ever been expended any public money or labor thereon at any time, nor has said street or alley ever been established as a public road according to any provisions of law, nor did said county court have any lawful authority to order the opening of a road or highway less than thirty feet wide.

"Plaintiff further states that said Ab Hopson, acting under the purported authority of said order of said county court of St. Francois county, Missouri, has threatened and is about to enter upon said premises, and has so notified this plaintiff in writing of his intention to at once enter upon said premises and tear and throw down the fences of plaintiff and open said street or alley twenty feet wide and one hundred and forty-three feet long and to maintain such opening, and thereby expose all the property of plaintiff to the depredation of stock and to the injury of plaintiff to his said orchard and garden.

"Plaintiff states that he has no adequate remedy at law and if defendant Hopson is permitted to tear down said fence and expose plaintiff's property to depredation that his loss will be irreparable and cannot be adequately compensated by an action at law.

"Plaintiff therefore asks that this court issue a temporary restraining order to prevent defendants from carrying their threatened act into effect and that a temporary injunction be issued by this court and that on a hearing herein defendants be permanently enjoined from enforcing the said order and that defendant Ab Hopson be permanently enjoined and restrained from tearing down the fences of this plaintiff and that defendants all be restrained from opening the said street or alley."

The amended answer upon which the cause was finally tried is in this language:

"Now come defendants in the above entitled cause and for answer to plaintiff's petition admit that Ab Hopson is the duly elected and qualified road overseer of Road District No. 14 of St. Francois county, Missouri; admits that C. T. Tullock is the duly elected and qualified presiding judge of the county court of St. Francois county; admits that O. J. Mayberry and Allen Hill are the duly elected and qualified associate judges of the county court of St. Francois county, Missouri; admit that the county court comprised of the aforesaid members at the August term, 1905, made an order of record ordering and directing Ab Hopson, the aforesaid road overseer, to remove all obstructions placed in the street or alley mentioned and complained of in plaintiff's petition, a copy of which order is hereto attached and made a part of this answer.

"Defendants further answering deny each and every allegation, statement or averment in plaintiff's petition contained not hereinbefore expressly admitted.

"Defendants further answering allege the facts to be that on the 28th day of February, 1885, and prior thereto, the plaintiff, together with other persons, were the owners in fee simple of the nine-acre tract of land mentioned in plaintiff's petition, and on the 26th day of February, 1885, the plaintiff, together with the other owners of the said nine-acre tract, subdivided and laid out the same into town lots, blocks, streets, and alleys to be made, in which said plat the parcels of ground reserved for public purposes by their boundaries, course and extent, the avenues, streets, lanes, alleys and other land to be used for public purposes, and the lots for sale by numbers, and their precise length and width were particularly set forth and described; that said plat so aforesaid was duly signed and acknowledged by the proprietors of said tract and duly certified and

recorded in the office of the Recorder of Deeds of St. Francois county, the county in which the said tract of land is located; that the street or alley mentioned and complained of in the plaintiff's petition is one of the streets or alleys so aforesaid laid off and described in and by the said plat, and is designated on said plat as 'West Street;' that afterwards plaintiff and his co-owners as aforesaid, offered and held out for sale the lots and parcels of land as aforesaid laid off and said lots with reference to and as described by said plat; that said lots were sold to parties relying upon the said plat and more particularly the street or alley complained of in plaintiff's petition; that by reason of the premises the plaintiff is forever estopped from asserting any claim, title or interest in and to the said land designated as 'West Street' by said plat.

"Defendants further answering say that the street or alley complained of in plaintiff's petition is a public street for public uses and purposes, and that the title thereto is vested in St. Francois county in trust for the uses and purposes as aforesaid, and that these defendants should not be enjoined from executing said trust.

"Defendants further say that the town laid off by the plaintiff and his co-owners of said land is not incorporated.

"Wherefore, the defendants, having fully answered, pray to be discharged with their costs."

Reply was a general denial.

Upon the filing of the reply the defendants moved to dissolve the temporary injunction stating their reason thus:

"Now at this day come the defendants in the above entitled cause and move the court to dissolve the injunction heretofore granted in said cause for the following reasons, to-wit:

Hill v. Hopson.

"First.   There is no equity on the face of the bill filed by complainant herein.

"Second.   All the allegations of said bill which are material and upon which the injunction was granted are denied by defendants in their answer.

"Third.   The plaintiff having as provided by statute in such cases duly dedicated the property in controversy to the public now has no special interest in said property.

"Fourth.   The new matter set up in defendants' answer, as the same appears from and by said answer now on file in this cause, shows that plaintiff is not entitled to this relief and that this injunction should no longer be continued.

"Wherefore and by reason of the above the defendants say that the said injunction should no longer be continued, but the same should at once be dissolved."

The judgment entered was:

"This cause having been tried and submitted to the court, it is ordered that the prayer for relief be denied and the court finds for the defendants, and it is further ordered that the injunction granted herein be dissolved and for naught held."

The questions suggested by the record are (1) whether we have jurisdiction and (2) whether the judgment is erroneous upon the face of the record proper.

I.   Was title to real estate so involved in this case as to give this court jurisdiction? We have set out the pleadings in full so that the real questions involved might be made apparent.   By the petition, the plaintiff alleges that he is the owner of the nine acres of land in question; that he had the same fenced and inclosed; that the county court made an order directing the road overseer to open up a street or alley on said land twenty feet wide and two hun-

dred and forty-three feet long; that the said defend-
ant road overseer "has threatened and is about to
enter upon said premises and has so notified this
plaintiff in writing of his intention to at once enter
upon said premises and tear and throw down the
fences of plaintiff and open said street or alley . . .
and to maintain said opening," etc. The petition
then asks that defendants be enjoined from carrying
this said threatened act into effect.

By one portion of their answer the defendants
aver that the plaintiff and others were at one time
owners of the tract of nine acres; that as such owners
they platted the same into lots and blocks with streets
and alleys therein; that the twenty-foot strip in ques-
tion was one of these streets or alleys; that their said
plat was duly acknowledged and filed of record in the
recorder's office of St. Francois county; that the plain
tiff is now estopped to claim title thereto. And fur-
ther the defendants aver that said strip 20 by 243
feet is a public street for public use, and that the
title thereto is vested in St. Francois county in trust
for the public uses aforesaid. We thus have an alle-
gation of title in plaintiff on the one hand and an alle-
gation of title in St. Francois county on the other
hand. However, when we analyze the petition the
real purpose of it is to restrain a threatened tres-
pass. In all cases of trespass upon lands the title to
real estate must be inquired into, and it usually re-
sults that both plaintiff and defendant claim title,
and each attempts to prove title in himself. It now
seems to be the settled doctrine of this State that in
cases of pure trespass upon lands the title to real
estate is not so involved as to confer jurisdiction upon
this court under section 12 of article 6 of the Constitu-
tion, although the title may be incidentally involved
and must be shown in the course of the trial. [Roth-
rock v. Cordz-Fisher Lumber Co., 146 Mo. 57; Cox v.

Barker, 150 Mo. 424; Ozark Land & Lumber Co. v. Robertson, 158 Mo. 322.]

The Rothrock case, *supra,* overruled in express terms the case of Musick v. Railroad, 114 Mo. 309, wherein it was held that we did have jurisdiction in a trespass case, when the defendant claimed title by the Statute of Limitations, and urged such title as a defense to the alleged trespass. So that the allegation of title in St. Francois county in this answer does not give us jurisdiction. Injunction being an equitable action, if the answer in an action to restrain a trespass pleads an equitable title, and prays that the court ascertain and define the title, then the judgment to be entered would directly affect title to real estate and this court would have jurisdiction, but such is not the case at bar. [Lambert v. Railroad, 212 Mo. 692.] We have here a pure action to restrain a trespass and no pleading authorizing the court to find or define title. The judgment does not directly affect title under our cases.

If we have no jurisdiction in a case of trespass, by parity of reasoning we cannot have jurisdiction in a case of threatened trespass. If the trespass itself and the issues involved therein do not give us jurisdiction, a mere threatened trespass cannot do more.

We conclude therefore that title to real estate is not so involved as to give this court jurisdiction.

II. Nor do we think the parties to the action give us jurisdiction. St. Francois county is not a party. The road overseer and the members of the county court are not State officers within the meaning of the Constitution, so as to confer jurisdiction. [State ex rel. v. Dillon, 90 Mo. l. c. 234.]

Nor does it appear that the amount involved or any other question in the case gives us jurisdiction.

We therefore conclude that this cause should be transferred to the St. Louis Court of Appeals for final determination and it is so ordered.

All concur.