EDMUND J. BINGLE, JR., E. M. BUTLER, F. B. BUTLER EWENS, HELEN S. McHUGH, WILLIAM J. MILLER, MRS. W. H. POHRER, HENRY RIXIE, ADOLPH SCHMEDTJE, CHRISTIAN SCHUMACHER, LAVINA B. SHALLCROSS, LAURA WHITE and IDA T. PRICHARD, Appellants, v. CITY OF RICHMOND HEIGHTS, a Corporation.—57 S. W. (2d) 1085.

Division Two, March 3, 1933.

*Goodbar & Gilster* and *Thos. P. Moore* for appellants.

*Leon M. Feigenbaum* for respondent.

WESTHUES, C.—October 27, 1928, this suit was filed in the Circuit Court of St. Louis County by appellants, plaintiffs below, against respondent, the defendant, city of Richmond Heights. The relief sought was to have the court declare void certain ordinances of the defendant extending the limits of Richmond Heights, and to perpetually enjoin the city from exercising municipal control over the territory attempted to be taken within the city limits by the extension ordinances. The reasons set forth in the petition for the cancellation of the ordinances were that they were unreasonable, unjust and oppressive. Defendant filed an answer setting forth its reasons why the ordinances should be declared valid. The trial court, upon a hearing on the merits, entered a judgment for defendant city and dismissed plaintiffs' petition. From this judgment plaintiffs appealed.

The circuit court granted an appeal to the St. Louis Court of Appeals. Upon application of respondent the Court of Appeals transferred the cause to this court on the ground that title to real estate

was involved. Appellants have filed a motion to remand the cause to the St. Louis Court of Appeals.

One of the ordinances in question extended the territorial limits of the city of Richmond Heights to the center line of Clayton Road between certain points therein designated, thereby annexing the south half of the road to the city. It is alleged that on January 11, 1929, the County Court of St. Louis County entered a decree incorporating McKnight Village; that there was included within the boundaries of McKnight Village all of Clayton Road between the points mentioned.

■ It is respondent's contention that this controversy, as to whether McKnight Village or the city of Richmond Heights has municipal jurisdiction over the south half of Clayton Road, involves title to real estate. In this respondent is in error. The determinative question before the trial court in this case was the validity or invalidity of the ordinances of the city of Richmond Heights by which its territorial limits were extended so as to include appellants' land. This question does not involve title to real estate. If the controversy incidentally involved the question as to whether the south half of Clayton Road was within the corporate limits of Richmond Heights as extended or within McKnight Village, that question would not involve title to real estate. The general public had an easement in Clayton Road prior to the time the city of Richmond Heights attempted to extend its territorial limits and also prior to the incorporation of McKnight Village. The fee simple title to Clayton Road was and remained in the adjoining property owners and the easement in the general public, unaffected and undisturbed by the result of this lawsuit. If the main question in the case were a controversy between Richmond Heights and McKnight Village as to which had municipal control over the road in question that would not alter the situation. Title to real estate would not be involved. The court would simply be required to decide in which of the two municipalities the road was located.

■ ■ Subjecting territory to the exercise of municipal governmental control with the right to tax does not involve title to real estate. [Village of Grandview v. McElroy, 298 S. W. 760, 318 Mo. 135.] To give this court jurisdiction in cases where title to real estate is involved title must be in controversy. The judgment must in some way settle a question of title. [Nettleton Bank v. McGauhey's Estate, 2 S. W. (2d) 771, 318 Mo. 948; Wuertenbaecher v. Feik, 36 S. W. (2d) 913; 15 C. J. 1085, sec. 513, and cases there cited; Art. 6, Sec. 12, Missouri Constitution, amended 1884, Art. 6, Sec. 5.]

It is apparent that this court is without jurisdiction and the case must be remanded to the St. Louis Court of Appeals. It is so ordered. *Cooley* and *Fitzsimmons, CC.,* concur.

314

PER CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court. *Ellison, P. J.*, and *Tipton, J.*, concur; *Leedy, J.*, not sitting.