HARRY BALLENGER ET AL. v. JOHN WINDES, Appellant.—93 S. W. (2d) 882.

Division One, April 23, 1936.

1040

*Harry H. Kay* and *R. W. Starling* for appellant.

*Irwin & Bushman* and *Harry L. Buchanan* for respondents.

FRANK, J.—Action to recover possession of certain real estate described in the petition. Verdict and judgment for plaintiffs and defendant appealed.

The petition alleges that plaintiffs are entitled to the possession of said real estate, and that defendant unlawfully withholds same from plaintiffs; that defendant committed various acts of waste on said land, planted and harvested one crop, and is growing a second crop thereon, all to plaintiffs' damage in the sum of $1000. The petition prays for possession of said lands and damages in the sum of $1000.

The answer contains (1) a general denial, and (2) it pleads a state of facts which defendant contends shows him to be the owner of said lands, and for that reason plaintiffs are not entitled to the possession thereof. The prayer of the answer is that defendant be discharged with his costs.

Plaintiffs' reply put at issue all the affirmative matters alleged in defendant's answer, and prays for the relief sought in the petition.

The judgment rendered was for plaintiffs for possession of said lands, and one dollar per month for rents and profits from the date of the judgment until possession was delivered to plaintiffs.

Neither party has raised the question of this court's jurisdiction. It is not only our right but our duty to determine that question whether raised by the parties or not.

The decisions in this State are not in complete accord on this question. It is of sufficient importance that it should be settled once for all. Section 12 of Article VI of the Constitution gives this court jurisdiction "in cases involving title to real estate." In our judgment cases involving title to real estate within the meaning of the constitutional provision fixing our jurisdiction, are cases in which the judgment sought or rendered will directly affect or operate upon the title itself. In cases where neither party asks that title be adjudicated, yet it is necessary for the court to ascertain which party has title in order to render the judgment asked for by the pleadings, the title is incidentally or collaterally, and not directly involved, and for that reason we would not have jurisdiction in such a case. This conclusion is supported by many prior decisions of this court. In Davis v. Watson, 158 Mo. 192, 196, 59 S. W. 65, we said:

"This court in construing Section 12 of Article VI of the Constitution, has frequently held that its jurisdiction of a case on appeal is not determined by the fact that the title to real estate has been drawn in question by the answer filed therein, or that a determination of the fact of title to real estate was necessary to the proper consideration of the issues involved in the controversy. It is not enough that title to real estate may be drawn in question, or inquired into during the progress of the case, but the judgment sought or rendered must directly affect or operate upon the title itself."

In Hilton v. The City of St. Louis, 129 Mo. 389, 391, 31 S. W. 771, we said:

"The Constitution does not declare that the jurisdiction exists if a question of title is involved in the trial, but that the case tried must involve the title. We take the provision to mean that the title to real estate must, in some way, be affected by the judgment to be rendered on the entire case as made by the pleadings and evidence."

Above excerpt was quoted approvingly in the later case of Fischer v. Johnson, 139 Mo. 433, 437, 41 S. W. 203.

In Schroer v. Brooks, 200 S. W. 1068, we said:

"For it is not sufficient to confer jurisdiction on us that the title to real estate may be collaterally or incidentally involved, or that the appellate tribunal may be compelled to consider it in order to reach a decision of the questions actually up for judgment." (Citing many cases.)

In the recent case of Nettleton Bank v. McGauhey's Estate, 318 Mo. 948, 953, 2 S. W. (2d) 771, 774, we said:

"It follows that to involve title within the meaning of the Constitution a judgment must adjudicate a *title controversy*. The judgment sought or rendered must be such as will directly determine title in some measure or degree adversely to one litigant and in favor of another; or, as some of the cases say, must take title from one litigant and give it to another. The rule is established by a great variety of cases. [Hanna v. So. St. J. Land Co., 126 Mo. 10, 28 S. W. 652; Barber Asphalt Paving Co. v. Hezel, 138 Mo. 232, 39 S. W. 781; Heman v. Wade, 141 Mo. 1. c. 601; Edwards v. M., K. & E. Ry. Co., 148 Mo. 1. c. 515-6; Force v. Patton, 149 Mo. 449, 50 S. W. 906; Davis v. Watson, 158 Mo. 1. c. 196; Turney v. Sparks, 158 Mo. 366, 59 S. W. 73; Miller v. St. L. & K. C. Ry. Co., 162 Mo. 433, 63 S. W. 85; Porter v. K. C. & N. C. Ry. Co., 175 Mo. 98-9, 74 S. W. 992; Stark v. Martin, 204 Mo. 439, 102 S. W. 1089; Brannock v. Magoon, 216 Mo. 723, 726, 116 S. W. 500; Hill v. Hopson, 221 Mo. 111, 120 S. W. 29; Weston v. Fisher, 264 Mo. 257, 174 S. W. 372; Dillard v. Sanderson, 282 Mo. 438, 222 S. W. 766.]''

The Nettleton case cites and reviews many other cases to which we refer without again discussing them.

The holding in the Nettleton case has been cited and followed in many recent cases. [Rawlins v Rawlins, 39 S. W. (2d) 367, 368; Missouri Power & Light Co. v. Creed, 325 Mo. 1194, 30 S. W. (2d) 605; Williams v. Mackey et al., 331 Mo. 68, 71, 52 S. W. (2d) 831; Norman v. Construction Co., 319 Mo. 599, 602, 4 S. W. (2d) 1064; Stock v. Schloman, 322 Mo. 1209, 1214, 18 S. W. (2d) 428; Mulik v. Jorganian, 326 Mo. 107, 30 S. W. (2d) 998; Devoto v. Devoto, 326 Mo. 511, 515, 31 S. W. (2d) 805; Hull v. McCracken, 327 Mo. 957, 963, 39 S. W. (2d) 351; Salia v. Pillman, 328 Mo. 1212, 1215, 43 S. W. (2d) 1038; Clevenger v. Odle, 329 Mo. 387, 389, 44 S. W. (2d) 622; Oliver v. Wilhite, 329 Mo. 524, 527, 45 S. W. (2d) 1083; Bingle v. Richmond Heights, 332 Mo. 312, 313, 57 S. W. (2d) 1085; Jones v. Peterson, 335 Mo. 242, 254, 72 S. W. (2d) 76.]

One question determined in all of the cases last above cited was whether or not title to real estate was involved within the meaning of the constitutional provision fixing the jurisdiction of this court. All of the cited cases announce and follow the rule laid down in the Nettleton case, which, in substance is, that the "judgment must adjudicate a title controversy. The judgment sought or rendered must be such as will directly determine title in some measure or degree adversely to one litigant and in favor of another." There are two recent cases which announce a contrary doctrine to that announced in the Nettleton case, and in other prior and subsequent cases heretofore cited. They are Tooker v. Missouri Power & Light Co., 336 Mo. 592, 80 S. W. (2d) 691, and Williams v. Maxwell, 82 S. W. (2d) 270. In both cases last above cited the plaintiff's petition sought a judg-

ment for possession of certain real estate. The answer in both cases denied the right of plaintiff to possession of the land involved on the ground that defendant was the owner thereof. In neither case did the parties seek a judgment adjudicating the title, and no such judgment was rendered. The judgment below in both cases was for possession. These cases hold that since it was necessary for the court to determine which party had legal title to the real estate in order to determine which was entitled to possession, title to real estate was involved and this court had jurisdiction for that reason. The judgment sought in these cases was for possession only. Neither party asked that title be adjudicated. The fact that it was necessary for the court to determine which party owned the land in order to correctly decide the question actually up for judgment, did not involve title to real estate in the constitutional sense. It might well be that the facts alleged in the pleadings would have authorized an adjudication of the title as well as a judgment for possession had such relief been asked, but since neither party asked that the title controversy be settled, it cannot now be said that title to the real estate is involved in the constitutional sense. We do not agree with the holding in Tooker v. Missouri Power & Light Co., and Williams v. Maxwell, supra, on the question of jurisdiction. They, as well as other cases holding likewise, are overruled. The correct rule is well stated in Davis v. Watson, 158 Mo. 192, 194-5, 59 S. W. 65. We there said:

''While recognizing the proposition that the character of a suit is not always to be determined by the prayer of the petition, but that the court may look into the entire contents of the pleadings to ascertain what relief is really sought, or what remedy is asked to be applied, it is equally as true, that when a remedy has been asked consistent with the facts pleaded and the court has applied it, and given judgment in accordance therewith, it will not be permitted of a defendant in that proceeding against whom a judgment has been rendered to urge that under the facts pleaded a different remedy might have been applied, or a more extended relief granted, and because of that fact shift the jurisdiction of the cause, on appeal, to a court not having cognizance of the cause, as it was tried and determined. The question for consideration here, is not what relief plaintiffs under the facts disclosed by their petition might have sought, but what remedy did they ask to have applied; what judgment did they ask, that was authorized by their petition; and what character of a case was tried and determined by the trial court? . . . ''

In the case at bar, plaintiffs' petition asked a judgment for possession only. The answer pleads ownership of the land, not for the purpose of having title adjudicated, but as a defense to plaintiffs' alleged cause of action for possession. The prayer of the answer is that defendant be discharged with his costs. The judgment rendered did not adjudicate the title. It was a judgment for possession

and one dollar per month for rents and profits from the date of the judgment until possession is restored to plaintiff. In this state of the record title to real estate is not involved within the meaning of the Constitution.

The cause should be and is transferred to the Kansas City Court of Appeals. All concur, except *Hays, J.*, who dissents in separate opinion.

HAYS, J. (dissenting).—I am constrained to ˙dissent from the opinion of my associate, Judge FRANK. As I read it, it proceeds on a theory that is incorrect in principle and sweepingly destructive of precedents. I shall therefore develop the case from my viewpoint.

█ This is a straight action at law in ejectment. The petition and the judgment are in the form provided by statute and conform to the precedents. This appeal lies within the jurisdiction of this court under the constitutional provisions relating to appeals in causes involving title to real estate. It may not be amiss to direct attention to the historical background of the action of ejectment.

More than a century before Blackstone wrote his Commentaries, the title of lands, in England, was tried in ejectment; a "mixed action" as Blackstone termed it, based upon four points, viz., title, lease, entry, and ouster or amotion from the possession. The trial then stood upon the merits of the title only, which was thus brought into question in an "oblique" manner and it became the principal question at issue. The existence of lease, entry and ouster was fictional, was employed for convenience, and was not contested, and was not required to be proved. [2 Cooley's Blackstone (4 Ed.), star pp. 197-206.]

It was early provided by statute in Missouri (R. S. 1825, Vol. 1, p. 343) that in all actions in ejectment the plaintiff should state, instead of the fictitious suggestion of lease, entry and ouster, that he is *legally* entitled to the possession of the premises, and aver the ejectment and trespass of the defendant; and the defendant might in his defense plead not guilty, or plead his title according to the truth; and it should be sufficient for the plaintiff on the trial to show that he is, and was at the time of the commencement of the suit, entitled to the possession of the premises and that the defendant was in possession thereof at the commencement of the suit. In the next general revision of the statutes (R. S. 1835, pp. 234-235) it was provided. (Sec. 1) that actions of ejectment may be maintained when the plaintiff is *legally* entitled to the possession of the premises; (Sec. 5) that it shall be sufficient for the plaintiff to aver in the declaration that on some date therein to be specified he was entitled to the possession of the premises, describing them, and being so entitled to the possession thereof, that the defendant afterwards,

on some date to be stated, entered into such premises, and unlawfully withholds from the plaintiff the possession thereof, to his damage in a sum to be stated. These statutes have come down through all subsequent decennial revisions without change and now are, respectively, Section 1365 and 1370, Revised Statutes 1929. A general denial was sufficient for joinder of issues.

█ It thus appears that ejectment is extraordinary, if not unique, in that the issues and proof may be broader than as indicated by the pleadings; unique, also, in that perforce of the statutes (1365 and 1370) the plaintiff *must* go beyond the issues so tendered, in the petition and prove he was, at the time of ouster, *legally* entitled to the possession of the premises. So that in nearly all conceivable instances a straight action in ejectment necessarily involves title to real estate as a basic element upon which right to possession rests. And I wish to emphasize the fact that through all the years of Missouri's statehood down to 1897, when by statute the action to try and determine title was enacted (present Section 1520), ejectment was the only action provided by law for the trial and determination of title to real estate.

█ Taking the instant case: How then can it be maintained, as it is sought to be in the opinion to which I am responding, that title is not involved here because the "petition asks a judgment for possession only?" The statute provides that if plaintiff prevail "The judgment shall be for the recovery of the premises, the damages assessed and the accruing rents and profits," etc. (Sec. 1380).

The answer pleads the general issue and sets up an equitable claim of title in defendant as the defenses. Absent a prayer for affirmative relief the action remained one at law. [Hall v. Small, 178 Mo. 629, 77 S. W. 733; Koehler v. Rowland, 275 Mo. 573, 204 S. W. 217.] Whereas, if the answer had contained a prayer for affirmative relief, the cause would have been changed to an equity suit. [Pitts v. Pitts, 201 Mo. 356, 100 S. W. 1047; Bouton v. Pippin, 192 Mo. 469, 91 S. W. 149.]

The greater portion of the authorities cited in said opinion are cases which conversely, by contrast, support the position I am endeavoring to maintain and hence they require no comment.

The legal effect of the allegation touching ouster as contained in the petition is that prior to, and at the time thereof, plaintiffs' right to possession had not accrued. Hence it follows that the defendant, at the date of ouster, had what the law terms "possessory title." The ouster was what at common law was called "ouster by deforcement" (Blackstone, supra) and as against such previous possession plaintiffs' paper title, if any, could not withdraw to itself, as an incident thereof the legal possession of the premises, as it would have done in case of vacant and unoccupied lands. In other words, the

plaintiffs, in such a state of the record, had to prove their legal right to possession, and did so prove it by the introduction in evidence of their title deed from the admitted common source of title, in order to make out a prima facie right to possession; for in such case, in the absence of such showing, the title is presumed to·be with the defendant's prior possession, and the defendant had need to do nothing in the first instance when attacked. [Dunn v. Miller, 96 Mo. 324, l. c. 334-336, 9 S. W. 640.]

The line of cases upon which said opinion is made to rest, though the opinion does not trace it back so far, originated shortly after the adoption of our Constitution of 1875; original Section 12 of which provided for appeals to this court, in cases involving title to real estate, from the St. Louis Court of Appeals as created by that section.

A very early case of that type was State ex rel. v. Court of Appeals, 67 Mo. 199, originating in 1876 and decided in 1877. In that case a writ of mandamus was sought to compel the Court of Appeals to grant an appeal to this court from that court's decision, rendered on appeal, denying the alleged right of the relator to appeal therefrom to this court, as was then permissible in suits involving title to real estate, in a suit to perpetually enjoin a sale, under execution, of certain real estate upon the ground that such sale would cast a doubt upon plaintiff's title. This court denied mandamus on the ground that the suit was not one involving title to real estate, within the meaning of the Constitution (Sec. 12, not changed by Amendment of 1884 with respect to Supreme Court's jurisdiction except to make it sole), saying: "The result of the litigation may affect the title to real property, as would every suit in which a judgment would be rendered which would be a lien on real estate, but it cannot be said to *involve* the title." In Dunn v. Miller, supra, Judge BRACE, who in the interim had written many cases wherein he applied the rule as it had been applied in said Court of Appeals case, supra, and who also wrote many cases of that general type thereafter, apparently sought to make clear in the Dunn case the distinction, as respects appellate jurisdiction, in speaking to a motion to remand the cause to the Court of Appeals, for want of jurisdiction. In denying the motion he pointedly said in part (l. c. pp. 334-336):

"It is beyond dispute that an action ·at law in ejectment is a case within the meaning of the phrase 'involving title to real estate' in Section 12, Article VI, supra. The object of the action is the recovery of the possession of real estate. The means by which it is accomplished, showing title or right to possession, the object of this action, the recovery of the possession of real estate, is the same; the means by which it is sought to be accomplished the same, i. e., by showing that the *possessory title* which Dunn had, or his right to be then in possession, is superior to the paper title of Miller by means of

which that right of possession was withdrawn from him. The adjudication in this case, then, involves the possession of Dunn, his right to that possession and the right of Miller to that possession; in other words, the title of both Dunn and Miller, as they were adjudicated in the ejectment suit, are involved in this as they were in that; and to the same extent that title is involved in (nearly) every ejectment suit. The term 'possessory title' has not been inconsiderately used. Ejectment is a possessory action. Title to real estate is involved in ejectment only as an incident to possession upon which the action is based. The title is presumed to be with the possession.''

Judge BRACE, in closing his discussion of appellate jurisdiction, there said: (l. c. 336)

''In practice it ought not to be difficult to distinguish a case analogous to such a mixed action *operating directly on the possession and the right to possession* of real estate, and *those* purely *personal* actions in which it is sought to establish a right in or to real estate by which, *as a consequence,* the right or title may be *affected,* as indicated in State ex. rel. v. Court of Appeals, 67 Mo. 199.'' (Italics mine.)

The well-considered and leading case in the other line of cases referred to above is Nettleton Bank v. McGaughey's Estate, 318 Mo. 948, 2 S. W. (2d) 771, which involved a probate court sale and was held not to involve title to real estate. The author stated (l. c. 955) that ''It is the judgment sought or rendered in every instance which is determinative of jurisdiction; and that when the pleadings or record, as the case may be, are consulted it is for the sole purpose of ascertaining the direct operative effect of the judgment—which must be directly to take title from one and give it to another.'' The author had previously from elements stated in the disjunctive extracted the rule ''that to involve title within the meaning of the Constitution a judgment must adjudicate a *title controversy.*'' The author gave illustrations of the various classes of cases which do not involve title controversies, and of other classes which do. Among the latter he instanced ''Ejectment, actions to remove a cloud on title, or to quiet title, or to set aside a conveyance, etc.'' It is correct, then, to say that in the instant case the judgment adjudicated a title controversy. The plaintiffs must recover, if at all, upon the strength of their own title, and not because of the weakness or want of title in defendant. [Mo. Dig. Ejectment, 9, 3.] Also, if the equitable defense set up in the answer is supported by the facts, plaintiffs could not recover. [Reynolds v. Hood, 209 Mo. 611, 108 S. W. 86.] And it is the law that a judgment against a defendant's equitable defense will bar the same. [City of St. Louis v. Schulenburg, etc., Co., 98 Mo. 613, 12 S. W. 248; Smith v. Kiene, 231 Mo. 215, 132 S. W. 1052.]

Judge FRANK's opinion in the present case would overrule the opinion rendered in this division of the court in Williams v. Maxwell, 82 S. W. (2d) 270, because the title was not mentioned in the petition or the judgment, just as it was not mentioned in the case at bar. I think the Williams case was correctly decided, and also that it is supported by the Nettleton Bank case which holds that the operative effect of the judgment is to be gathered from the pleadings on the record, which, as I understand that statement, includes the proof. In our statutory form of ejectment there must necessarily be proof relating to title. "In the ejectment suit the judgment itself affects the title to the land and can be satisfied only by a surrender of its possession." [Turney et al. v. Sparks et al., 158 Mo. 365, 366, 59 S. W. 73.]

The Tooker case, 336 Mo. 592, 80 S. W. (2d) 691, has no similarity to the instant case and hence is of no present concern.

As it appears to me the inevitable conclusion is that this court has appellate jurisdiction of this appeal and should decide the same.