MATHILDA S. ASHAUER, Appellant, v. ADELIA ASHAUER PEER, L. C. BRANNER, Trustee, JOSEPH W. HONS, M. C. MATTHES, Trustee, and BANK OF KIMSWICK, a Corporation.—139 S. W. (2d) 991.

Division One, May 7, 1940.

*R. E. Kleinschmidt* for appellant.

*John E. Corvey* for respondents.

BRADLEY, C.—This is an action to determine the dividing line between two tracts of land in Jefferson County. Plaintiff owns one of the tracts and defendant, Adelia Ashauer Peer, the other. Other defendants are trustees and beneficiares in two deeds of trust. The

learned trial court did not fix the dividing line as claimed by plaintiff and she appealed.

It is suggested in respondents' brief that we do not have jurisdiction of this appeal, but whether raised or not, it is our duty to determine such question. [Perkins v. Burks et al. (Mo.), 61 S. W. (2d) 756; Rust Sash & Door Co. v. Gate City Bldg. Corp. et al., 342 Mo. 206, 114 S. W. (2d) 1023.]

January 29, 1932, Charles Ashauer, father of plaintiff and Adelia, conveyed to his daughters, by separate deeds, the two tracts here concerned. It was stated, following the description in plaintiff's deed, that her tract contained "8 acres, more or less"; and in Adelia's deed, it was stated (same place) that her tract contained "15 acres, more or less." Plaintiff alleged and the court found that the two tracts contained only 21.667 acres. Also, plaintiff alleged and the court found that she should have 7.536 acres and Adelia 14.131 acres, and of this Adelia does not complain. Since there is no disagreement about the acreage each should have, it would seem that there should be no dispute as to the dividing line between the tracts. Such ordinarily would be true, but, under the description in the deeds, plaintiff contends that the dividing line should extend northwest and southeast, while Adelia contends, under the same descriptions, that the dividing line should extend northeast and southwest, and the court found that the dividing line extended as contended by Adelia. Hence the *actual question* is: Does the dividing line run as the court found or as plaintiff contends?

We do not have jurisdiction of this appeal unless title to real estate is involved. [Constitution, Sec. 12, Art. 6, and Sec. 5, Amendment 1884.] The only question in this case is *the construction of the descriptions* in the two deeds. The court found that the descriptions in the deeds were "vague, indefinite and ambiguous," and the judgment sets out a description for each deed, which, according to the finding, was intended by the grantor, and then it is adjudged that both deeds be reformed accordingly.

Phillips v. Cope et al. (Mo. App.), 104 S. W. (2d) 276, was transferred by the Springfield Court of Appeals to the Supreme Court on the theory that title was involved, and the cause was disposed of here (111 S. W. (2d) 81) without specifically ruling the question of jurisdiction. That case was a controversy between a brother and his two sisters. Their father owned the SW¼ of the SW¼ of Sec. 3, and 20 acres immediately south, the W½ of the NW¼ of the NW¼, Sec. 10. There was an east and west road on the section line (for the most part) between these tracts, which road had been established for many years. The road cut a triangular strip, about an acre or less, off the southwest corner of the forty acre tract in section 3, and this strip was joined up with the 20 acre tract in section 10. The home house of the father was on the section line

immediately south of this strip and a number of the outbuildings were on the strip, and such had been the situation for many years. In 1916, the father conveyed to his daughters the 40 acre tract in section 3, describing it as the SW¼ of the SW¼, which, of course, included the strip. The father died in 1921, and the brother became the owner of the 20 acre tract upon which the house and outbuildings were supposed to be located. When it was ascertained that the triangular strip was actually a part of the 40 acre tract, the brother brought suit to reform (on the ground of mutual mistake) the deed that the father had made to his daughters, and the deed was reformed so as to eliminate the triangular strip.

In the Phillips case the deed, on its face, clearly conveyed to the daughters the triangular strip, and to reform it so as to eliminate this strip took *title* out of them and vested it in their brother, and therefore, title was involved. [Nettleton Bank v. McGaughey's Estate, 318 Mo. 948, 2 S. W. (2d) 771.]

The situation here, however, is not the same as in the Phillips case. In the present case, certain described land is conveyed by each deed, and the only thing sought was to clear up an ambiguity in description. With the exception of making the two deeds conform to the fact that there were only 21.667 acres instead of 23 (about which there is no disagreement) the reformed description in each deed, according to the court's construction, is the identical land described in the deeds.

In the Nettleton Bank case, it is ruled (2 S. W. (2d) l. c. 774) that "to involve title within the meaning of the Constitution a judgment must adjudicate a title controversy. The judgment sought or rendered must be such as will directly determine title in some measure or degree adversely to one litigant and in favor of another; or, as some of the cases say, must take title from one litigant and give it to another." [See also Ballenger et al. v. Windes, 338 Mo. 1039, 93 S. W. (2d) 882, 883, and cases there cited.]

The petition, in the present case, asked the court "to ascertain and determine the true boundary and division line between said tracts of plaintiff and said defendant, Adela Ashauer Peer; to ascertain and determine a definite and correct description of each of said tracts of land; to compel said defendant to restore to plaintiff the possession of the property which belongs to plaintiff; to award to plaintiff such damages and rents for said premises as may be just and equitable; and for such other and further relief as the facts herein set forth may warrant and the court deem proper." Adelia's answer asked the court to "dismiss plaintiff's petition." Other defendants asked that their deed of trust liens be recognized. It seems clear that the pleadings did not ask *that title be determined,* and it is equally clear that the *judgment* did not *take* title from plaintiff and *give* it to Adelia, and this because there was *never* any *title* in plaintiff except to the land

described in her deed, and *that title,* was not molested. Neither did the judgment give to Adelia any land or title not already described in her deed. The only thing that the judgment did was to *settle* the controversy between plaintiff and Adelia as to what land was *conveyed* by their respective deeds.

Bradley v. Milwaukee Mechanics' Ins. Co., 147 Mo. 634, 49 S. W. 867, was an action on an insurance policy. The defense was that the plaintiff was not the sole owner of the property at the time the policy was issued. Plaintiff obtained a judgment for $2,000 and the appeal was to the Kansas City Court of Appeals. That court transferred the cause on the theory that title to real estate was involved, but it was held that title was not involved and the cause was transferred back to the Court of Appeals.

In Peer v. Ashauer (Mo.), 92 S. W. (2d) 154, the parties were the same sisters as here. That case was to construe the will (set out in the petition) of their father and (in a second count) to partition the real estate devised. It was alleged that the will was ambiguous; that a controversy between plaintiff and defendant had arisen "respecting plaintiff's rights, nature of estate and interest," under the will. Plaintiff, giving her theory of construction, alleged that she and the defendant were "seized of an undivided one-half interest," that is, that they held the real estate devised as tenants in common. Defendant filed a demurrer to the petition, which demurrer was sustained and the appeal came to this court. We held that title was not involved and transferred the cause to the St. Louis Court of Appeals. It seems clear, from the will alone, that the real question on construction was whether the sisters held the real estate devised as joint tenants with survivorship or as tenants in common. It was held by the Court of Appeals (102 S. W. (2d) 764) that they held as tenants in common. Neither party got any title that the will did not devise. There was no title taken out of one and put in the other. For full history of the Peer case, supra, see above citation, and Peer v. Ashauer (Mo. App.), 102 S. W. (2d) 764, and State ex rel. Ashauer v. Hostetter et al., 344 Mo. 665, 127 S. W. (2d) 697.

In the present case the construction of the description in the deeds is not incidental to some other question, it is the only question. If plaintiff had brought suit to determine title, and had described the land in the petition as it would be described if the dividing line runs as she claims, and had asked that title be determined to that description, then title would be involved, but no such case as suggested is here. It is well settled that for title to be involved within the meaning of Sec. 12, Art. 6 of the Constitution, it must be directly involved and not merely involved collaterally (Ballenger v. Windes, supra, 338 Mo. 1039, 93 S. W. (2d) 882, and cases there cited), but in the present case, as we see it, title is not even involved collaterally. We are constrained to rule that we do not have jurisdiction of this appeal.

It has been held that "a court of equity has no jurisdiction to fix boundaries of legal estates, unless some equity is superinduced by the act of the parties," (Wilson et al. v. Hart, 98 Mo. 618, 12 S. W. 249), but if we do not have jurisdiction of the appeal, it is not for us to say whether the present case is such as to justify a court of equity to fix the boundary between the two tracts of land concerned here.

The cause should be transferred to the St. Louis Court of Appeals, and it is so ordered. *Hyde* and *Dalton, CC.,* concur.

PER CURIAM:—The foregoing opinion by BRADLEY, C., is adopted as the opinion of the court. All the judges concur.