STATE OF MISSOURI, ex rel., COUNTY COLLECTOR, Respondent, v. R. B. OLIVER, Appellant.

Springfield Court of Appeals, December 31, 1914.

1. **REVENUE LAWS: Term Includes What.** The term "Revenue Law" includes and covers all the laws relating to the disbursement of the revenue and its preservation as well as provisions relating to the assessment, levy and collection thereof.

2. ————: Action Involving: Jurisdiction of Appeal in Supreme
Court. An action to collect taxes for the payment of a drainage
ditch, assessed by the county court under sections 5578, 5635, R.
S. 1909, involves the construction of the revenue laws of the
State of which the Supreme Court alone has jurisdiction on
appeal. (Constitution, Art. 6, sec. 12.)

Appeal from New Madrid County Circuit Court.—
*Hon. Frank Kelly*, Judge.

TRANSFERRED TO SUPREME COURT.

*Oliver & Oliver* for appellants.

*James R. Brewer* and *Henry C. Riley, Jr.* for re-
spondent.

ROBERTSON, P. J.—This is an action to collect
taxes alleged to have been levied and assessed by the
county court of New Madrid county, for the purpose of
paying bonds issued and sold to obtain funds for the
construction of a drainage ditch, under article IV,
chapter 122, Revised Statutes 1899, now, as amended,·
article IV, chapter 4 (section 5578-5635), Revised Stat-
utes 1909. The defendant answered and the issues
thus made call for a construction of the laws which,
if they are revenue laws, deprives us of jurisdiction
by reason of section 12, article VI, of the Constitution
of this State. Under this act the drainage district is
organized under the supervision of the county court
and that court levies the assessment, and the collection
and distribution of the tax thus derived takes the same
course, under section 5599, "as State, county and school
taxes upon real estate, and when collected the said tax
shall be by the collector paid over to the court treasurer
monthly." In the case of State, ex rel. v. Adkins, 221
Mo. 112, 116, 119 S. W. 1901, it is said that the
" 'Revenue laws of this State' may well include stat-

utes concerning the disbursement of the revenue as well as the gathering of it into the county or State chest.'' Again at page 118, it is said ''that the term 'Revenue law' covers and includes laws relating to the disbursement of the revenue and its preservation as well as provisions relating to the assessment, levy and collection of it.'' Lamar Township v. City of Lamar, 169 S. W. 12, recently decided by the Supreme Court, in a case wherein the plaintiff township sued to recover money wrongfully paid over by the township officers to the city treasurers and in that case the Supreme Court entertained jurisdiction because a construction of the revenue law was involved.

By said section 5599 certain preliminary costs incident to these drainage districts are paid out of the county treasury, provision being made for refunding the same to the county and section 5602 (Sec. 8301, R. S. 1899) provides for the county court issuing and selling bonds to pay construction and improvement expenses and creating and collecting, ''in the same manner as taxes are collected,'' a sinking fund to meet the payment of said bonds. We think that since these districts are organized and controlled by the county court and their finances in charge of that body that when that portion of the law relative to taxation is drawn in question by a tax suit that a revenue law is involved. In the case of State, ex rel. Applegate v. Taylor, 224 Mo. 393, 469, 123 S. W. 892, it is said, in discussing a drainage district's relation to the county, that ''it owes its bearing to and is subject to its authority and control in the same sense in which townships of the county are subject to its control. It does not even have the independent government like township organization. The county court administers its entire affairs, and the county keeps its records.'' Then follows a further discussion, on pages 470 and 471, of the relation of drainage districts to the county.

Concluding that we have no jurisdiction this case is transferred to the Supreme Court.

*Sturgis* and *Farrington, JJ.*, concur.