STEVE MULIK, AMELIA MULIK and FRANK DULKAN v. SAMPAD JORGANIAN, Appellant.—30 S. W. (2d) 998.

Division One, September 4, 1930.

*Louis Kranitz* for appellant.

ATWOOD, J.—This is a proceeding in equity instituted by Steve Mulik, Amelia Mulik and Frank Dulkan, as plaintiffs, against Sampad Jorganian, as defendant, to have a garage building, alleged to have been placed by defendant in an alleged public alley adjoining a residence lot owned by him, declared a public nuisance and removed, and to restrain defendant from interfering with the use of said alley by plaintiffs and the general public. Plaintiffs alleged that the public was deprived of the use of said alley and that they were deprived of access to the rear of their residence lots adjoining defendant's lot by reason of the location of said building, and that plaintiffs were especially damaged thereby. Defendant's answer was a general denial coupled with a special denial that he was the owner of the real estate as alleged in plaintiffs' petition. Judgment was for plaintiffs, declaring the building as located a public nuisance and ordering its abatement. From this judgment defendant has appealed.

No oral arguments were made here and respondent has filed no brief. Counsel for appellant does not question our jurisdiction, but we do so of our own motion. Presumably the appeal was allowed to this court on the theory that title to real estate is involved within the meaning of Section 12, Article VI, Constitution of Missouri. In Nettleton Bank v. Estate of McGaughey, 318 Mo. 948, 954, 2 S. W. (2d) 771, 775, after reviewing many cases we said that title to real estate must be in issue directly and that it is the *judgment* sought or rendered, in each instance, which is determinative of jurisdiction.

Looking to the prayer of the petition for the judgment sought we find that it reads as follows:

"WHEREFORE, plaintiffs pray that said building in said alley be declared a public nuisance, that the defendant be ordered to remove said building from said alley forthwith, and that he be re-

strained from interfering with the public use of said alley, and plaintiffs pray for all equitable relief, and that they recover their costs herein.''

Obviously the only judgment sought is the declaration and abatement of an alleged public nuisance, and injunctive relief. There is no request for an adjudication of title to real estate, or suggestion that such is in issue.

As for the judgment rendered, the record shows entry of the finding and judgment of the trial court as follows:

''Now on the 7th day of June, 1927, and on the 31st day of May Term of said Court, this cause having heretofore been taken under advisement and being duly considered by the court and the court upon due consideration finds all the issues in favor of the plaintiffs and against the defendant; that the West Ten Feet of Lot Ten (10), in Block Sixteen (16), in St. George Addition to the City of St. Joseph, in Buchanan County, Missouri, was set out and dedicated to public use as an alley and public highway, about twenty-eight years ago, by the then owner of said lot, that said alley has been used as a public highway for more than twenty-seven years next prior to about May 1, 1926, when said defendant closed said alley by placing a building therein, thereby closing said alley to public traffic, and especially damaged these plaintiffs by closing them out for entering into and leaving their property; that said building so placed in said alley by said defendant on about May 1, 1926, has ever since remained therein, that the same is a public nuisance and especially detrimental to these plaintiffs whose premises abut on said alley.

''It is therefore ordered, adjudged and decreed by the court that the West Ten (10) Feet of Lot Ten (10), in Block Sixteen (16), in St. George Addition to the City of St. Joseph, in Buchanan County, Missouri, and extending from Arizona Street in said city, south through the north half of said block, is an alley and public highway, that the building placed in said alley by said defendant, is a public nuisance, that the defendant remove said building from said alley, forthwith and without unnecessary delay, and that the plaintiffs recover from the defendant the costs of this suit for which let execution issue.''

This judgment does not purport to operate directly upon or determine title to real estate. It is not such as would be responsive if a title issue were raised by the pleadings.

Recourse to the pleadings shows as a matter of fact that no such issue was raised. Plaintiffs went to trial on their amended petition alleging in effect, among other things, that defendant was the owner of a residence lot north of, adjacent to, and of the same dimensions as their own, to-wit, thirty feet north and south by ninety feet east and west; that the ten foot strip of ground immediately west of

said lots was a public alley by dedication and user; and that upon the north end thereof plaintiff had placed said building about six months before the commencement of this suit. Plaintiffs' allegation that defendant owned property abutting on the alleged public alley was not material in the statement of their nuisance case, and hence was not put in issue by the general denial. [Sec. 1232, R. S. 1919; 49 C. J. sec. 1154, p. 784.] Apparently it was put in issue by the special denial, but the judgment sought and rendered in nowise affected defendants' title to the abutting property. It was not incumbent upon plaintiffs to allege title in defendant to any part of the alleged alley and they did not do so. They simply alleged dedication by another and different person as owner followed by more than eleven years of continuous public user. If defendant had title thereto inconsistent with such dedication and user it was a matter of affirmative defense which he failed to set up in his answer, and hence, no issue was made thereon. Such inquiry as was made regarding the title was plainly incidental and collateral to the direct and material issue of nuisance or no nuisance, and the case is not one "involving title to real estate" within the meaning of the consitutional provision defining the jurisdiction of this court. [Nettleton Bank v. Estate of McGaughey, 318 Mo. 948, 952, 2 S. W. (2d) 771, 774, and cases cited.]

For the reasons above stated the cause is transferred to the Kansas City Court of Appeals for want of jurisdiction here. All concur.