STATE OF MISSOURI at the relation of CHARLES G. ROSS, Collector of Revenue of Pemiscot County, to the Use of DRAINAGE DISTRICT NO. 6 OF PEMISCOT COUNTY, V. CLINTON D. MARTIN, DAISY MARTIN, His Wife, A. M. GILLAM and NELLIE GILLAM, Defendants, MRS. M. C. COLEMAN ET AL., Respondents, ROY W. HARPER, Appellant.—93 S. W. (2d) 911.

Division One, April 23, 1936.

*Von Mayes* for appellant.

*R. L. Ward* and *Everett Reeves* for respondents.

BRADLEY, C.—This is an appeal from an order of the Circuit Court of Pemiscot County setting aside a sale under a special execution based upon a judgment for drainage district taxes. May 19, 1933, the collector filed in the circuit court a petition against defendant owners to recover delinquent drainage taxes due Drainage District No. 6 on certain lands. Judgment was obtained November 22, 1933. November 24, 1933, execution was issued. The lands concerned were levied upon, duly advertised and sold by the sheriff, under the execution, December 20, 1933. Appellant, Roy W. Harper, was the highest bidder at said sale. Thereafter and on January 13, 1934, and during same term of court at which sale was had, Mrs. M. C. Coleman et al., respondents here, and landowners in said drainage district, filed their motion to set aside the sale. The motion alleges that the respondents and others similarly situated are landowners in the district; that their lands in said district are assessed for the use and benefit of the district; that bonds of the district are outstanding and in the hands of purchasers; that special assessments

have been made upon the lands of respondents in the district as well as upon the lands of the execution defendants, for the purpose of raising funds to pay said bonds; that some of the respondents are owners of bonds of said district; that respondents and others similarly situated are alike interested in the payment of said bonds; and that unless collection is made from all the lands in the district, extra assessments will be required to pay the bonds, and that the extra assessments will fall disproportionately upon respondents and others similarly situated, and that those holding bonds of the district will be jeopardized in collecting their bonds.

It is further stated in the motion that the sheriff advertised that the land would be sold at the courthouse on the day of sale between nine A. M. and five P. M. at public auction to the highest bidder; that on the day of sale the attorney for the district failed to represent it, but entered into a collusion, conspiracy and fraudulent agreement with the defendants and to the effect, purpose and intent that they should be permitted to bid in said land in their own name, or otherwise, for the amount of costs accrued, including attorney's fee, and that if any person bid against them, then the sale would be withdrawn; that within the hours and on the date and at the place of sale, the sheriff proceeded to sell the land and that when any person made a bid or offered to bid, the attorney for the district would request that the sale be withdrawn and that the sheriff immediately withdrew the sale and proceeded to sell other lands under another advertisement; that the sale of the lands concerned was fraudulent and void for the reason that the attorney for the district and the sheriff refused to let said land be sold to the highest bidder; that at the conclusion of all sales on said day the sheriff was asked if that was all the sales and that "he advised the bidders that that was all," and that "the bidders and crowd attending the sale dispersed." The motion to set aside the sale further alleges that thereafter and on the same day, in order to carry out said fraudulent conspiracy, the sheriff, said attorney, the defendants "in this and other lands" appeared "after the bidders had left and without notice to them," and that the sheriff again "offered the land and sold the same for the amount of the costs, including the attorney's fee."

On the same day, January 13, 1934, that the motion to set aside was filed, appellant filed a motion to strike the motion to set aside the sale "for the reason said landowners and bondholders (respondents here) have no interest in said land and are not parties to said cause," and because "said motion is not made on behalf of the owners of said land sold or said drainage district or any parties to said cause." The motion to strike was overruled on the day filed. After the motion to strike was overruled and on the same day, the motion

to set aside the sale was taken up, evidence heard, and the motion to set aside the sale was taken under advisement. January 27th, and during the same term, the motion to set aside was sustained and judgment entered setting the sale aside.

It appears from an additional abstract filed by respondents, that appellant on the same day the sale was set aside, filed motion for a new trial and that the motion was overruled, but appellant filed no bill of exceptions. On February 5, 1934, and during the same term, appellant filed affidavit for appeal and appeal was granted to this court.

A motion was filed here, which was taken with the case, to dismiss the appeal on the grounds (1) that no bill of exceptions was filed; (2) that appellant was not the purchaser, but that he acted as the agent of the owner "as shown by the affidavit of the appellant," which affidavit was attached to the motion to dismiss the appeal filed here; and (3) that the abstract of appellant is erroneous in certain alleged particulars. The affidavit of appellant, attached as an exhibit to the motion to dismiss the appeal, is to the effect that in buying the land at the sale he acted as the agent of the owner and that the owner paid the bid made by appellant, but that appellant got no deed from the sheriff. Appellant filed a motion here to strike the motion to dismiss the appeal, in which motion to strike appellant states that it is not true that he "was not the purchaser at the tax sale," but it is also stated in the motion that he, "acting as attorney for the owner, C. D. Martin, bid said land in at said sale in appellant's own name and requested the sheriff to make the tax deed direct to him (appellant) as such purchaser, although said bid was paid by his client, C. D. Martin; that he (appellant) filed the motion, shown by the printed abstract of the record to strike the motion of respondents to set aside said sale and duly appealed from the judgment of the trial court in this cause and does not desire to dismiss his appeal."

■ The question of our jurisdiction of this appeal occurs to us. Such question is not raised by either party, but it is our duty to determine such question when it arises, although not raised by either party. [Mulik v. Jorganian, 326 Mo. 106, 30 S. W. (2d) 998.] ■ There is no theory which would confer jurisdiction here, except the theory that title to real estate is involved as provided in the Constitution. [Sec. 12, Art. VI.] The subject of title being involved in a constitutional sense was considered at length in Nettleton Bank v. McGauhey's Estate, 318 Mo. 948, 2 S. W. (2d) 771. It is there ruled that in order "to involve title within the meaning of the Constitution a judgment must adjudicate a title controversy. The judgment sought or rendered must be such as will directly determine title in some measure or degree adversely to one litigant

and in favor of another; or, as some of the cases say, must take title from one litigant and give it to another." In support of the rule as given the court cited: Hanna v. South St. Joseph Land Co., 126 Mo. 1, 10, 28 S. W. 652; Barber Asphalt Paving Co. v. Hezel, 138 Mo. 228, 232, 39 S. W. 781; Heman v. Wade, 141 Mo. 598, 43 S. W. 162; Edwards v. M. K. & E. Ry. Co., 148 Mo. 1, c. 515, 516, 50 S. W. 89; Force v. Van Patton, 149 Mo. 446, 449, 50 S. W. 906; Davis v. Watson, 158 Mo. 192, 59 S. W. 65; Turney v. Sparks, 158 Mo. 365, 366, 59 S. W. 73; Miller v. St. L. & K. C. Ry. Co., 162 Mo. 424, 433, 63 S. W. 85; Porter v. K. C. & N. C. Ry. Co., 175 Mo. 96, 98, 99, 74 S. W. 992; Stark v. Martin, 204 Mo. 433, 439, 102 S. W. 1089; Brannock v. Magoon, 216 Mo. 722, 723, 116 S. W. 500; Hill v. Hopson, 221 Mo. 103, 111, 120 S. W. 29; Weston v. Fisher, 264 Mo. 250, 257, 174 S. W. 372; Dillard v. Anderson, 282 Mo. 436, 438, 222 S. W. 766. It is also held in the Nettleton Bank case (318 Mo. 948, 2 S. W. (2d) 1. c. 775) that when the pleadings or record, as the case may be, "are consulted it is for the purpose of ascertaining the *direct* operative effect of the judgment—which must be directly to take title from one and give it to another."

The trouble arising on a question as to when title is involved is not so much on a rule, but on the application of the rule to the facts. The rule laid down in the Nettleton Bank case has been followed and the case cited in many instances, among which are: Gold Lumber Co. et al. v. Baker et al., 324 Mo. 984, 25 S. W. (2d) 457; Williams v. Mackey et al., 331 Mo. 68, 52 S. W. (2d) 831; Cantley, Commissioner, v. Piggott et al., 331 Mo. 30, 52 S. W. (2d) 846; Williams v. Maxwell (Mo.), 82 S. W. (2d) 270; Tucker et al. v. Burford et al., 337 Mo. 1073, 88 S. W. (2d) 144; Bank of Forrest City v. Pettijohn, 338 Mo. 506, 92 S. W. (2d) 189.

The issue involved on the merits of the motion to set aside the tax sale was the *validity* of the sale, and the trial court heard the evidence on such issue and determined that issue adversely to appellant. Title was not the issue on the merits of the motion. "It is not enough that the judgment when carried into execution will affect the title to land. The title must be involved in the suit itself and be a matter about which there is a contest." [Nettleton Bank case, 318 Mo. 948, 2 S. W. (2d) 1. c. 774.] It was held in McAnaw v. Matthis, 129 Mo. 142, 31 S. W. 344, and Stinson v. Call, 163 Mo. 323, 63 S. W. 729, that an appeal from an order setting aside an execution sale of land was properly to the Supreme Court. But these cases, on the point, were overruled in State ex rel. Reed v. Elliott, 180 Mo. 658, 79 S. W. 696; Moore v. Stemmons, 192 Mo. 46, 90 S. W. 434; Lawson v. Hammond, 191 Mo. 522, 90 S. W. 431, and in effect, in the same cases, Bryant v. Russell, 127 Mo. 422, 30 S. W. 107, on the question of appellate jurisdiction, was

overruled. In King v. Hayes et al., 319 Mo. 569, 4 S. W. (2d) 1062, the court referred to the McAnaw case and others and observed that such cases "were all cases directly involving the title to or an interest in the land itself," but the question of jurisdiction considered in the King case and what is there said about the McAnaw case does not, in our opinion, reinstate the ruling in the McAnaw case on the question of appellate jurisdiction.

It seems clear that we do not have jurisdiction of the appeal in the present case, hence the cause should be transferred to the Springfield Court of Appeals, and it is so ordered. *Ferguson* and *Hyde*, *CC.*, concur.

PER CURIAM:—The foregoing opinion by BRADLEY, C., is adopted as the opinion of the court. All the judges concur.