**FORT OSAGE DRAINAGE DISTRICT OF JACKSON COUNTY, Respondent,**

**v.**

**Flossie M. FOLEY, Appellant.**

**No. 45894.**

Supreme Court of Missouri,
Division No. 2.

April 14, 1958.

Rufus Burrus, Independence, and Alfred D. Hillman, Kansas City, for appellant.

William R. Moore, Kansas City, and Walter A. Raymond, Kansas City, for respondent.

STORCKMAN, Presiding Judge.

The plaintiff drainage district sued the defendant landowner in the Circuit Court of Jackson County to recover maintenance taxes levied by the district against the lands of the defendant within the district. Two suits were filed, one for the annual maintenance tax levied for the year 1949, and the other for the 1950 tax. The actions were consolidated for trial and disposition. The plaintiff recovered judgment against the defendant in the aggregate sum of $1,544.19. The recovery was declared a lien upon the respective lands of the defendant against which the benefits had been assessed. The judgment in the suit for 1949 taxes totaled $1,087.46, which sum included the tax, penalties and a $300 fee for plaintiff's attorney; in the other case the total judgment was $457.03, including the tax, penalties and a $200 attorney fee. Defendant's motion for a

new trial was overruled and she appealed to this court.

The questions presented by the appellant are (1) the action was not brought by the proper party in that the statutes require actions for such taxes to be brought by and in the name of the county collector of Jackson County, (2) no attorney fees were allowable and, if so, (3) the attorney fees allowed are excessive.

The appellant asserts that jurisdiction is in this court because the nature and object of the action is to enforce a tax lien against her land and a construction of the revenue laws of the state is involved. We must first determine the question of our jurisdiction.

The trial court, by its judgment entered in the consolidated action, found, inter alia, "that the Board of Supervisors of Fort Osage Drainage District did, according to law, levy a tax of such portion of the total benefits against said tract of land, railroad · and other improvements within said District as was found to be necessary to pay a maintenance tax of 10% on said benefits, as shown by the Plan for Reclamation heretofore adopted by said District, all in accordance with Article I, Chapter 79 of the Revised Statutes of Missouri for 1939, and Amendments thereto, and especially Section 12370 of said Article, now Section 242.-490 or Chapter 242 of the Revised Statutes of Missouri for 1949, and other sections relating thereto; * * *."

Sec. 242.490 RSMo 1949, V.A.M.S., referred to above, states the nature and purpose of the maintenance tax to be as follows: "To maintain and preserve the ditches, drains, levees or other improvements made pursuant to this article [chapter] and to strengthen, repair and restore the same, when needed, and for the purpose of defraying the current expenses of the district, the board of supervisors may, upon the completion of said improvements and on or before the first day of September in each year thereafter, levy a tax upon each tract or parcel of land and upon corporate property within the district to be known as a 'maintenance tax.' "

First we consider whether a construction of the revenue laws of the state is involved. The cases cited by appellant in her jurisdictional statement are State ex rel. and to Use of Douglass, Revenue Collector, v. Redman, 190 Mo.App. 300, 176 S.W. 714, and the same case on transfer to the supreme court, reported in 270 Mo. 465, 194 S.W. 260. The Redman case was a suit to recover delinquent drainage ditch taxes assessed against land of the defendant. In his answer the defendant raised a constitutional question and the Springfield Court of Appeals transferred the case to the supreme court because of the constitutional questions raised and because a construction of the revenue laws of the state was involved. The opinion in the supreme court noted the grounds upon which the court of appeals transferred the case, but in accepting jurisdiction stated, 194 S.W. 260: "It is sufficient to say that constitutional questions were duly lodged in the answer." Thus it appears that the cases cited furnish no authority for the contention that an action to recover maintenance taxes by a drainage district involves a construction of the revenue laws of the state.

On the contrary, since the decision in State ex rel. Broughton v. Oliver, 273 Mo. 537, 201 S.W. 868, it has been well settled that appeals in proceedings to enforce benefit assessments by drainage districts are not cases involving a construction of the revenue laws of the state within the meaning of Art. V, § 3, of the Constitution, V.A.M.S., even though such assessments are collected as other taxes. The Broughton case makes clear the distinction between revenue laws of the state and local benefit assessments in this oft-quoted statement, 201 S.W. 870: "When the Constitution speaks of the 'revenue laws of this state,' as it does in section 12 of article 6, supra, it has reference to that body of laws by which funds for public governmental pur-

poses are raised, and not to that law or body of laws by which are authorized the assessment of benefits to meet the expenses of given improvements. In other words, the two purposes make up separate schemes: (1) Revenues for public governmental purposes, and the assessment, collection and expenditure thereof; and (2) special assessments and their collection and expenditure. It is to the first class supra that the constitutional provision under review applies, and not to the latter."

Later cases approving and following the holding in the Broughton case are Bushnell v. Mississippi & Fox River Drainage Dist., 340 Mo. 811, 102 S.W.2d 871, 874 [5]; Pearson Drainage Dist. v. Erhardt, Mo., 196 S.W.2d 855 [1, 2]; Howell v. Division of Employment Security, etc., 358 Mo. 459, 215 S.W.2d 467, 471–472 [3].

It has also been judicially determined that an action which merely seeks to impose a lien on real estate, such as a suit to enforce payment of a drainage district benefit assessment, does not involve title to real estate within the meaning of Art. V, § 3, of the Constitution. Pearson Drainage Dist. v. Erhardt, Mo., 196 S.W.2d 855 [3]; Peatman v. Worthington Drainage Dist., Mo., 168 S.W.2d 57, 59 [5]. The rule that title to real estate must be directly involved in order to invoke the appellate jurisdiction of the supreme court, and the application of the rule in a situation similar to the present, is extensively reviewed and discussed in State ex rel. Ross, and to Use of Drainage Dist. No. 6 of Pemiscot County v. Martin, 338 Mo. 1067, 93 S.W.2d 911, 913 [2].

Appellate jurisdiction in this court on the grounds suggested by the appellant does not exist. Nor does the record of the case establish jurisdiction on any other ground provided by Art. V, § 3. Where the supreme court does not have jurisdiction, it does not have the right or power to determine the merits of the questions presented on appeal, and the cause must be transferred. State ex rel. Town of Olivette v. American Telephone and Telegraph Co.,

Mo., 273 S.W.2d 286, 288 [1]; Phillips Pipe Line Co. v. Brandstetter, 363 Mo. 904, 254 S.W.2d 636 [1].

It is ordered that the cause be transferred to the Kansas City Court of Appeals.

EAGER, J., and ELMO B. HUNTER, Special Judge, concur.

LEEDY, J., not sitting.